UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT COHEN, individually and on behalf of all others similarly situated,<br><br>          Plaintiff,<br><br>     vs.<br><br>FOOTHILL/EASTERN TRANSPORTATION CORRIDOR AGENCY; SAN JOAQUIN HILLS TRANSPORTATION CORRIDOR AGENCY; 3M COMPANY and BRIC-TPS LLC,<br><br>          Defendants. | Case No: SACV 15-01698 DDP (DFMx)<br><br>**ORDER (1) CONDITIONALLY CERTIFYING A SETTLEMENT CLASS, (2) PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT, (3) APPROVING NOTICE PLAN, AND (4) SETTING FINAL APPROVAL HEARING; AND FOR LIMITED PRODUCTION OF PERSONALLY IDENTIFIABLE INFORMATION TO FACILITATE ADMINISTRATION OF CLASS SETTLEMENT**<br>[**Dkt. Nos. 65, 66**]<br><br>Judge: Hon. Dean D. Pregerson<br>Courtroom: 3 |

ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT:
Case No.: SACV 15-01698 DDP (DFMx)

This matter came before the Court on Class Plaintiff's motion for preliminary approval of the proposed class action settlement of *Cohen v. Foothill/Eastern Transportation Corridor Agency et al.* Civ. No 8:15-cv-01698 (C.D. Cal.) (the "Litigation") and was heard on October 16, 2017. The Complaint was filed in this Court by Plaintiff Robert Cohen on behalf of himself and all others similarly situated against Foothill/Eastern Transportation Corridor Agency, San Joaquin Hills Transportation Corridor Agency (together, the "TCAs"), 3M Company, and BRiC-TPS, LLC (collectively, together with the TCAs, "Defendants"). Based on this Court's review of the Parties' Settlement Agreement and Release (the "Agreement" or "Settlement Agreement"), Class Plaintiff's Motion for Preliminary Approval of Settlement, and the arguments of counsel, THE COURT HEREBY FINDS AND ORDERS AS FOLLOWS:

1. <u>Settlement Terms</u>. Unless otherwise defined herein, all terms in this Order shall have the meanings ascribed to them in the Agreement.

2. <u>Jurisdiction</u>. The Court has jurisdiction over the subject matter of the Litigation, the Parties, and all Settlement Class Members.

3. <u>Scope of Settlement</u>. The Agreement resolves all claims alleged in the Complaint filed in the Central District of California on October 21, 2015. *See Cohen v. Foothill/Eastern Transportation Corridor Agency et al.* Civ. No 8:15-cv-01698, Dkt. 1.

4. <u>Preliminary Approval of Proposed Settlement Agreement</u>. The Court has conducted a preliminary evaluation of the Settlement as set forth in the Agreement for fairness, adequacy, and reasonableness. Based on this preliminary evaluation, the Court finds that: (i) the Agreement is fair, reasonable, and adequate, and within the range of possible approval; (ii) the Agreement has been negotiated in good faith at arm's length between experienced attorneys familiar with the legal and factual issues of this case; and (iii) with respect to the forms of notice of the material terms of the Agreement to Settlement Class Members for their consideration and

eaction (Exs. B1, B2, and B3 to the Agreement), that notice is appropriate and warranted. Therefore, the Court grants preliminary approval of the Settlement.

5. <u>Class Certification for Settlement Purposes Only</u>. The Court, pursuant to Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure, conditionally certifies, for purposes of this Settlement only, the following Settlement Class:

> *All persons who made a payment to Foothill/Eastern Transportation Corridor Agency or San Joaquin Hills Transportation Corridor Agency using a debit or credit card for which the individual received a printed receipt that displayed more than the last 5 digits of the card number between February 1, 2014 and September 30, 2015. Excluded from the Settlement Class are Defendants and any affiliate or subsidiary of Defendants, and any entities in which any of such companies have a controlling interest, as well as all persons who validly opt out of the Settlement Class.*

6. In connection with this conditional certification, the Court makes the following preliminary findings:

    (a) The Settlement Class appears to be so numerous that joinder of all members is impracticable;

    (b) There appear to be questions of law or fact common to the Settlement Class for purposes of determining whether the Settlement should be approved;

    (c) Class Plaintiff's claims appear to be typical of the claims being resolved through the Settlement;

    (d) Class Plaintiff appears to be capable of fairly and adequately protecting the interests of all members of the Settlement Class in connection with the Settlement;

    (e) For purposes of determining whether the Settlement Agreement is fair, reasonable, and adequate, common questions of law and fact appear to predominate over questions affecting only individual persons in the Settlement Class.

Accordingly, the Settlement Class appears to be sufficiently cohesive to warrant settlement by representation; and

(f) For purposes of settlement, certification of the Settlement Class appears to be superior to other available methods for the fair and efficient settlement of the claims of the Settlement Class.

7. <u>Class Representatives</u>. The Court appoints Class Plaintiff as Class Representative of the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure.

8. <u>Class Counsel</u>. The Court appoints Andersen Sleater Sianni LLC, Westerman Law Corp., and Aitken Aitken Cohn as Class Counsel (collectively "Class Counsel") pursuant to Rule 23 of the Federal Rules of Civil Procedure.

9. <u>Final Approval Hearing</u>. At 10:00 a.m. PST on March 5, 2018, in courtroom 3 of the United States Courthouse, 312 North Spring Street, Los Angeles, California 90012, or at such other date and time later set by Court Order, this Court will hold a Final Approval Hearing on the fairness, adequacy, and reasonableness of the Agreement and to determine whether (i) final approval of the Settlement embodied by the Agreement should be granted, and (ii) Class Counsel's application for attorneys' fees and expenses, and incentive awards to Class Plaintiff should be granted, and in what amount. No later than December 15, 2017, Class Plaintiff must file papers in support of Class Counsel's application for attorneys' fees and expenses and the incentive awards to the Class Representative. No later than February 12, 2018, which is at least fourteen (14) days prior to the Final Approval Hearing, Class Plaintiff must file papers in support of final approval of the Settlement and respond to any written objections. Defendants may (but are not required to) file papers in support of final approval of the Settlement, so long as they do so no later than February 12, 2018.

10. <u>Settlement Claims Administrator</u>. Pursuant to the Agreement, BrownGreer PLC ("BrownGreer") is hereby appointed as Claims Administrator and

shall be required to perform all the duties of the Claims Administrator as set forth in the Agreement and this Order.

11. <u>Class Notice</u>. The Court approves the proposed Notice Plan for giving notice to the Settlement Class directly (using e-mail and post cards), and through the establishment of a Settlement Website (www.tollreceiptsettlement.com), as more fully described in the Agreement. The Notice Plan, in form, method, and content, complies with the requirements of Rule 23 and due process, and constitutes the best notice practicable under the circumstances. The Court hereby directs the Parties and the Claims Administrator to complete all aspects of the Notice Plan no later than November 16, 2017, in accordance with the terms of the Agreement.

12. The Claims Administrator will file with the Court by no later than February 12, 2018, which is at least fourteen (14) days prior to the Final Approval Hearing, proof that Notice was provided in accordance with the Agreement and this Order, as well as proof that notice was provided to the appropriate State and federal officials pursuant to the Class Action Fairness Act, 28 U.S.C. § 1715.

13. In order to comply with the Notice Plan, the Class Administrator requires certain information regarding the class members. The Court therefore authorizes the TCAs to provide the Class Administrator and Class Counsel with the following information, to the extent it is available: (1) each class member's name; (2) each class member's last known email address; (3) each class member's last known mailing address; and (4) each class member's truncated TCA account number. The TCAs' provision of this information to the Class Administrator and Class Counsel shall not be a violation of any law or duty, including but not limited to California Streets & Highways Code § 31490.

14. <u>Objection and Opt-Out Deadline</u>. Settlement Class Members who wish either to object to the Settlement or to opt out by completing a Request for Exclusion must do so by the Objection Deadline and Opt-Out Deadline of January 15, 2018, both of which are sixty (60) calendar days after the Settlement Notice Date.

Settlement Class Members may not both object and opt out. If a Settlement Class Member submits both a Request for Exclusion and an objection, the Request for Exclusion will be controlling.

15. <u>Exclusion from the Settlement Class</u>. To file a Request for Exclusion, Settlement Class Members must follow the directions in the Notice and send a compliant request to the Claims Administrator at the address designated in the Class Notice by the Opt-Out Deadline. In the Request for Exclusion, the Settlement Class Member must state his or her full name, address, and must state that he or she wishes to be excluded from the Settlement. No Request for Exclusion will be valid unless all of the information described above is included. No Settlement Class Member, or any person acting on behalf of or in concert or participation with that Settlement Class Member, may exclude any other Settlement Class Member from the Settlement Class.

16. If a timely and valid Request for Exclusion is made by a Settlement Class Member, then that person will not be a Settlement Class Member, and the Agreement and any determinations and judgments concerning it will not bind the excluded person.

17. All Settlement Class Members who do not opt out by filing a Request for Exclusion by January 15, 2018, in accordance with the terms set forth in the Agreement will be bound by all determinations and judgments concerning the Agreement.

18. <u>Objections to the Settlement</u>. To object to the Settlement, Settlement Class Members must follow the directions in the Notice and file a written Objection with the Court by the Objection Deadline. In the written Objection, the Settlement Class Member must state his or her full name, address, and his or her account number with either Foothill/Eastern Transportation Corridor Agency or San Joaquin Hills Transportation Corridor Agency, if one exists, or proof of payment to the TCAs, such as a receipt or credit card statement to allow confirmation of class membership, and must state the reasons for his or her Objection, and whether he or she intends to

appear at the Fairness Hearing on his or her own behalf or through counsel. Any documents supporting the Objection must also be attached to the Objection. No Objection will be valid unless all of the information described above is included. Copies of all papers filed with the Court must be delivered by the objector to Class Counsel and counsel for each of the Defendants on the same day. The Parties will have the right to depose any objector to assess whether the objector has standing.

19. If a Settlement Class Member does not submit a written Objection to the proposed Settlement or the application of Class Counsel for attorneys' fees and expenses or the incentive awards in accordance with the deadline and procedure set forth in the Notice and this Order, but the Settlement Class Member wishes to appear and be heard at the Final Approval Hearing, the Settlement Class Member must (i) file a notice of intention to appear with the Court; (ii) serve a copy upon Class Counsel and Counsel for each of the Defendants no later than the Objection Deadline; and (iii) comply with all other requirements of the Court for such an appearance.

20. Any Settlement Class Member who fails to comply with Paragraphs 17 and 18 (and as detailed in the Notice) will not be permitted to object to the Agreement at the Final Approval Hearing, will be foreclosed from seeking any review of the Agreement by appeal or other means, will be deemed to have waived his, her, or its objections, and will be forever barred from making any objections in the Action or any other related action or proceeding. All members of the Settlement Class, except those members of the Settlement Class who submit timely Requests for Exclusion, will be bound by all determinations and judgments in the Litigation, whether favorable or unfavorable to the Settlement Class.

21. <u>Stay of Other Proceedings</u>. Pending the final determination of whether the Settlement should be approved, all pre-trial proceedings and briefing schedules in the Litigation are stayed. If the Settlement is terminated or final approval does not for any reason occur, the stay will be immediately terminated.

22. Pending the final determination of whether the Settlement should be approved, the Settlement Class Representative and all Settlement Class Members are hereby stayed and enjoined from commencing, pursuing, maintaining, enforcing, or prosecuting, either directly or indirectly, any Released Claims in any judicial, administrative, arbitral, or other forum, against any of the Released Parties. Such injunction will remain in force until Final Approval or until such time as the Parties notify the Court that the Settlement has been terminated. Nothing herein will prevent any Settlement Class Member, or any person actually or purportedly acting on behalf of any Settlement Class Member(s), from taking any actions to stay or dismiss any Released Claim(s). This injunction is necessary to protect and effectuate the Agreement, this Preliminary Approval Order, and the Court's flexibility and authority to effectuate the Agreement and to enter Judgment when appropriate, and is ordered in aid of this Court's jurisdiction and to protect its judgments. This injunction does not apply to any person who files a Request for Exclusion pursuant to Paragraphs 13 and 14 of the Order.

23. If the Settlement is not approved or consummated for any reason whatsoever, the Settlement and all proceedings in connection with the Settlement will be without prejudice to the right of Defendants or the Class Representative to assert any right or position that could have been asserted if the Agreement had never been reached or proposed to the Court, except insofar as the Agreement expressly provides to the contrary. In such an event, the Parties will return to the *status quo ante* in the Litigation and the certification of the Settlement Class will be deemed vacated. The certification of the Settlement Class for settlement purposes will not be considered as a factor in connection with any subsequent class certification issues.

24. <u>No Admission of Liability</u>. The Agreement and any and all negotiations, documents, and discussions associated with it, will not be deemed or construed to be an admission or evidence of any violation of any statute, law, rule, regulation, or principle of common law or equity, or of any liability or wrongdoing by

Defendants, or the truth of any of the claims. Evidence relating to the Agreement will not be discoverable or used, directly or indirectly, in any way, whether in the Litigation or in any other action or proceeding, except for purposes of demonstrating, describing, implementing, or enforcing the terms and conditions of the Agreement, this Order, and the Final Order of Dismissal.

25. <u>Reasonable Procedures to Effectuate the Settlement</u>. Counsel are hereby authorized to use all reasonable procedures in connection with approval and administration of the Settlement that are not materially inconsistent with this Order or the Agreement, including making, without further approval of the Court, minor changes to the form or content of the Notice and Claim Form and other exhibits that they jointly agree are reasonable and necessary. The Court reserves the right to approve the Agreement with such modifications, if any, as may be agreed to by the Parties without further notice to the members of the Class.

26. <u>Schedule of Future Events</u>. Accordingly, the following are the deadlines by which certain events must occur:

| Nov. 16, 2017 | Deadline to Provide Class Notice |
| --- | --- |
| Dec. 15, 2017 | Deadline for Class Plaintiff's Motion for Attorneys' Fees and Incentive Awards |
| Jan. 15, 2018 | Deadline for Class Members to file Objections or submit Requests for Exclusion |
| Feb. 12, 2018 | Deadline for Parties to File the Following:<br>(1) List of Class Members who Made Timely and Proper Requests for Exclusion;<br>(2) Proof of Class Notice and CAFA Notice; and<br>(3) Motion and Memorandum in Support of Final Approval, including responses to any Objections. |
| Mar. 5, 2018 | Final Approval Hearing |

SO ORDERED.

Dated: November 13, 2017  _____

Hon. Dean D. Pregerson
United States District Court Judge