UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT COHEN, individually and on behalf of all others similarly situated,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>FOOTHILL/EASTERN TRANSPORTATION CORRIDOR AGENCY; SAN JOAQUIN HILLS TRANSPORTATION CORRIDOR AGENCY; 3M COMPANY and BRIC-TPS LLC,<br><br>　　　　　Defendants. | Case No: SACV 15-01698 DDP (DFMx)<br><br>**ORDER FINALLY APPROVING CLASS ACTION SETTLEMENT AND AWARDING ATTORNEYS' FEES, COSTS AND EXPENSES, AND INCENTIVE AWARDS AND ENTERING JUDGMENT** |

The Court having held a Final Approval Hearing on March 12, 2018, notice of the Final Approval Hearing having been duly given in accordance with this Court's Order (1) Conditionally Certifying a Settlement Class, (2) Preliminarily Approving Class Action Settlement, (3) Approving Notice Plan, and (4) Setting Final Approval Hearing ("Preliminary Approval Order"), and having considered all matters submitted to it at the Final Approval Hearing and otherwise, and finding no just reason for delay in entry of this Final Order and good cause appearing therefore,

It is hereby ORDERED AND DECREED as follows:

1. The Settlement Agreement dated September 13, 2017, including its exhibits (the "Settlement Agreement"), and the definition of words and terms contained therein are incorporated by reference in this Order. The terms of this Court's Preliminary Approval Order are also incorporated by reference in this Order.

2. This Court has jurisdiction over the subject matter of the Litigation and over the Parties, including all members of the following Settlement Class certified for settlement purposes in this Court's Preliminary Approval Order:

SETTLEMENT CLASS: All persons who made a payment to Foothill/Eastern Transportation Corridor Agency or San Joaquin Hills Transportation Corridor Agency using a debit or credit card for which the individual received a printed receipt that displayed more than the last 5 digits of the card number between February 1, 2014 and September 30, 2015. Excluded from the Settlement Class are Defendants and any affiliate or subsidiary of Defendants, and any entities in which any of such companies have a controlling interest, as well as all persons who validly opt out of the Settlement Class.

3. The definitions and terms set forth in the Settlement Agreement are hereby adopted and incorporated into this Order.

4. The Court hereby finds that the Settlement Agreement is the product of arm's-length settlement negotiations between the Plaintiff and Class Counsel, and Defendants and their counsel.

5. The Court hereby finds and concludes that Class Notice was disseminated to the Settlement Class Members in accordance with the terms set forth in Section 8 of the Settlement Agreement, and that Class Notice and its dissemination were in compliance with this Court's Preliminary Approval Order.

6. The Court further finds and concludes that the Class Notice and claims submission procedures set forth in Section 8 and 9 of the Settlement Agreement fully satisfy Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process, were the best notice practicable under the circumstances, provided individual notice to all Settlement Class Members who could be identified through reasonable effort, and support the Court's exercise of jurisdiction over the Settlement Class as contemplated in the Settlement Agreement and this Order.

7. The Class Administrator has distributed notice to state and federal officials pursuant to 28 U.S.C. § 1715.

8. A total of three Settlement Class Members submitted timely and proper Requests for Exclusion. The Court hereby orders that each of those individuals is excluded from the Settlement Class. Those individuals will not be bound by the Settlement Agreement, and neither will they be entitled to any of its benefits.

9. No Settlement Class Members submitted timely and proper Objections to the Settlement Agreement. Plaintiff faced serious risks both on the merits of his claims and on the ability to certify a litigation class. The value provided pursuant to the Settlement Agreement compares favorably to the strength of Plaintiff's claims on the merits, given these risks.

10. The Court hereby finally approves the Settlement Agreement, the exhibits, and the Settlement contemplated thereby ("Settlement"), and finds that the

terms constitute, in all respects, a fair, reasonable, and adequate settlement as to all Settlement Class Members in accordance with Rule 23 of the Federal Rules of Civil Procedure, and directs its consummation pursuant to its terms and conditions.

11. This Court hereby dismisses, with prejudice, without costs to any party, except as expressly provided for in the Settlement Agreement, the Litigation, as defined in the Settlement Agreement.

12. Upon Final Approval (including, without limitation, the exhaustion of any judicial review, or requests for judicial review, from this Final Order of Dismissal), the Plaintiff and each and every one of the Settlement Class Members unconditionally, fully, and finally releases and forever discharges the Released Parties from the Released Claims. In addition, any rights of the Settlement Class representatives and each and every one of the Settlement Class Members to the protections afforded under Section 1542 of the California Civil Code and/or any other similar, comparable, or equivalent laws, are terminated.

13. Each and every Settlement Class Member, and any person actually or purportedly acting on behalf of any Settlement Class Member(s), is hereby permanently barred and enjoined from commencing, instituting, continuing, pursuing, maintaining, prosecuting, or enforcing any Released Claims (including, without limitation, in any individual, class or putative class, representative or other action or proceeding), directly or indirectly, in any judicial, administrative, arbitral, or other forum, against the Released Parties. This permanent bar and injunction is necessary to protect and effectuate the Settlement Agreement, this Final Order of Dismissal, and this Court's authority to effectuate the Settlement Agreement, and is ordered in aid of this Court's jurisdiction and to protect its judgments.

14. The Settlement Agreement (including, without limitation, its exhibits), and any and all negotiations, documents, and discussions associated with it, shall not be deemed or construed to be an admission or evidence of any violation of any

statute, law, rule, regulation or principle of common law or equity, of any liability or wrongdoing, by Defendants, or of the truth of any of the claims asserted by Plaintiff in the Litigation, and evidence relating to the Settlement Agreement shall not be discoverable or used, directly or indirectly, in any way, whether in the Litigation or in any other action or proceeding, except for purposes of enforcing the terms and conditions of the Settlement Agreement, the Preliminary Approval Order, and/or this Order.

15. If for any reason the Settlement terminates or Final Approval does not occur, then certification of the Settlement Class shall be deemed vacated. In such an event, the certification of the Settlement Class for settlement purposes shall not be considered as a factor in connection with any subsequent class certification issues, and the Parties shall return to the status quo ante in the Litigation, without prejudice to the right of any of the Parties to assert any right or position that could have been asserted if the Settlement had never been reached or proposed to the Court.

16. In the event that any provision of the Settlement or this Final Order of Dismissal is asserted by Defendants as a defense in whole or in part to any Claim, or otherwise asserted (including, without limitation, as a basis for a stay) in any other suit, action, or proceeding brought by a Settlement Class Member or any person actually or purportedly acting on behalf of any Settlement Class Member(s), that suit, action or other proceeding shall be immediately stayed and enjoined until this Court or the court or tribunal in which the claim is pending has determined any issues related to such defense or assertion. Solely for purposes of such suit, action, or other proceeding, to the fullest extent they may effectively do so under applicable law, the Parties irrevocably waive and agree not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of the Court, or that the Court is, in any way, an improper venue or an inconvenient forum. These provisions are necessary to protect the Settlement Agreement, this Order and

this Court's authority to effectuate the Settlement, and are ordered in aid of this Court's jurisdiction and to protect its judgment.

17. By attaching the Settlement Agreement as an exhibit and incorporating its terms herein, the Court determines that this Final Order complies in all respects with Federal Rule of Civil Procedure 65(d)(1).

18. The Court approves Class Counsel's application for $212,500 in attorneys' fees and $10,663.52 in costs and expenses, and for service awards to the Settlement Class representative in the amount of $5,000.

SO ORDERED.

Dated: March 16, 2018   _____
         Hon. Dean D. Pregerson
         United States District Court Judge